RENDERED:  AUGUST 14, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0652-MR

PAUL OVERBY                                                          APPELLANT

v.        APPEAL FROM HENDERSON CIRCUIT COURT
          HONORABLE KAREN LYNN WILSON, JUDGE
          ACTION NO. 19-CR-00509

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND CETRULO, JUDGES.

THOMPSON, CHIEF JUDGE:  Paul Overby appeals from an order which denied his motion to dismiss an indictment for failing to comply with the Interstate Agreement on Detainers Act.  The trial court held that Appellant did not comply with the mandates of the act; therefore, it denied his motion.  We agree and affirm.

# FACTS AND PROCEDURAL HISTORY

In November of 2019, Appellant was indicted in Henderson Circuit Court for manufacturing methamphetamine[1] and second-degree burglary.[2] Appellant failed to appear for his arraignment and the court issued a bench warrant. Appellant was formally arraigned in January of 2020, and the circuit court set a trial date of March 27, 2020. Before trial, the circuit court vacated the trial date because of the COVID-19 pandemic. Over the next two years Appellant's case was repeatedly postponed until it was finally set for a hearing in October of 2022. Appellant failed to appear at the hearing and the circuit court again issued a bench warrant.

In 2024, while in federal custody, Appellant requested a final disposition of his Henderson County charges under the Interstate Agreement on Detainers Act (IAD) as set forth in KRS 440.450. KRS 440.450 states in relevant part:

## ARTICLE III

> (1) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the

---

[1] Kentucky Revised Statutes (KRS) 218A.1432.

[2] KRS 511.030.

prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

(2) The written notice and request for final disposition referred to in paragraph (1) hereof shall be given or sent by the prisoner to the warden, secretary of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by certified mail, return receipt requested.

KRS 440.450 Art. V(3) states that if no trial commences within the 180 day timeframe set forth in Article III, then the indictment shall be dismissed.

The IAD request was dated March 1, 2024, and stated that the documents were to go to the "Henderson County District Attorney." Copies of Appellant's request were mailed to "IAD Administrator, Justice & Public Safety Cabinet" in Frankfort, "Henderson County Circuit Clerk," and "Henderson County Prosecuting Attorney." Unfortunately, the copy sent to the "Henderson County

Prosecuting Attorney" went to the Henderson County Attorney.[3]  Pursuant to KRS 440.450 Art. III(1), the documents needed to go to the Commonwealth's Attorney for Henderson County.  On March 13, 2024, the Henderson County Attorney's Office received Appellant's IAD paperwork.  That same day, the Henderson County Attorney's Office forwarded the documents via e-mail to the Henderson County Commonwealth's Attorney's Office.  The Henderson Circuit Court Clerk's Office received the IAD paperwork on March 15, 2024.

On November 14, 2024, a representative of the Federal Bureau of Prisons wrote to the Henderson County Commonwealth's Attorney to follow up as there had been no response to Appellant's IAD request.  Included with the letter was a copy of Appellant's IAD paperwork.  On November 26, 2024, the Henderson County Commonwealth's Attorney requested temporary custody of Appellant.  Once in the Commonwealth's custody, Appellant moved to dismiss his indictment for failure to timely comply with the IAD.  Appellant argued that the Commonwealth had 180 days, beginning on March 15, 2024, to take him to trial.  Appellant acknowledged that the Henderson County Attorney was not the appropriate prosecuting officer under the act, but argued that the mistake was corrected when the Henderson County Attorney's Office forwarded copies of the

_____

[3] The address on IAD mailing was the correct address for the Henderson County Attorney's Office and it was not mistakenly delivered to the Henderson County Attorney's Office address.

IAD paperwork to the Henderson County Commonwealth's Attorney that same day.

The circuit court overruled Appellant's motion to dismiss and set the matter for trial. The court noted that the IAD demands "strict compliance" with its provisions and places the responsibility for the accuracy of the request solely upon the prisoner. The court further found that, since the IAD request was not properly delivered to the Commonwealth's Attorney on March 13, 2024, Appellant had not strictly complied with the act, and there was no IAD violation. Appellant then entered a conditional guilty plea which preserved his right to appeal the IAD issue. Appellant's conditional guilty plea was to amended charges of unlawful possession of a methamphetamine precursor[4] and first-degree criminal trespass.[5] Appellant was sentenced to three years in prison to run concurrently with his federal sentence. This appeal followed.

## STANDARD OF REVIEW

We review issues regarding the application and interpretation of statutes, like the IAD, *de novo*. *Commonwealth v. Long*, 118 S.W.3d 178, 181 (Ky. App. 2003).

---

[4] KRS 218A.1437.

[5] KRS 511.060.

## ANALYSIS

On appeal, Appellant argues that the order denying his motion to dismiss should be reversed and the trial court should dismiss the indictment against him. He believes that since the Henderson County Commonwealth's Attorney ultimately received his IAD paperwork, that should be sufficient to meet the requirements of the IAD. We disagree.

In *Johnson v. Commonwealth*, 450 S.W.3d 696 (Ky. 2014), *abrogated on other grounds by Roe v. Commonwealth*, 493 S.W.3d 814 (Ky. 2015), Antonio Johnson tried to utilize the IAD procedures. A copy of his IAD paperwork identified the appropriate prosecuting officer as the Christian County Commonwealth's Attorney and it was mailed to that entity. The correct prosecuting officer in *Johnson* was the Christian County Attorney. In other words, similar to the case at hand, Mr. Johnson's paperwork went to the incorrect prosecuting officer. Citing the case of *Clutter v. Commonwealth*, 322 S.W.3d 59 (Ky. 2010), the Kentucky Supreme Court held that the IAD framework required strict compliance. *Johnson*, 450 S.W.3d at 701. The Court also acknowledged one exception, "when strict compliance is thwarted by a public official despite a prisoner's having done everything possible to achieve strict compliance." *Id.* (internal quotation marks and citation omitted). The Court held that Mr. Johnson failed to mail his IAD paperwork to the correct prosecuting officer; therefore, he

did not strictly comply with the IAD requirements. *Id.* Further, the court found no evidence that Mr. Johnson was thwarted by a public official. *Id.*

Here, Appellant's paperwork was not mailed to the appropriate prosecuting officer, *i.e.*, the Henderson County Commonwealth's Attorney. There is no evidence in the record indicating who addressed the IAD paperwork mailing to the county attorney or who indicated the paperwork was to go to the "Henderson County District Attorney." It was up to Appellant to ensure the paperwork went to the correct entities, and without evidence showing he was thwarted by a public official, the exception to IAD strict compliance does not apply.

## CONCLUSION

Even though Appellant's IAD paperwork ended up with the appropriate prosecuting officer, we are bound by Kentucky Supreme Court precedent. *Gill v. Burress*, 382 S.W.3d 57, 65 (Ky. App. 2012); Rules of the Kentucky Supreme Court (SCR) 1.030(8)(a). *Johnson* and other cases require strict compliance with the terms of the IAD; therefore, we affirm the judgment on appeal.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Molly Mattingly
Assistant Public Advocate
Louisville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Erik Farleigh
Assistant Solicitor General
Frankfort, Kentucky